NICHOLAS L. STOKES and Others, Constituting the Members of the Divisional Code Authority No. 4 for the Retail Solid Fuel Industry, Plaintiffs, *v.* NEWTOWN CREEK COAL & COKE Co., INC., Defendant.*

Supreme Court, New York County, October 24, 1934.

* See, also, 153 Misc. 352.

*Battle, Levy, Van Tine & Fowler* [*Isaac H. Levy, L. H. Moos* and *T. Stokes* of counsel], for the plaintiffs.

*Miller, Paul & Placer* [*S. Frederick Placer* of counsel], for the defendant.

MILLER, J. The determination or finding by the Divisional Code Authority, as approved by the administrative appointee, fixing the lowest reasonable cost, is a matter which vested in the discretion and good judgment of the Divisional Code Authority. This determination cannot be interfered with by the courts unless it is arbitrary or contrary to law. The court cannot substitute its judgment for that of the Code Authority.

I find no evidence of an abuse of power or an arbitrary disposition of the matter by the Code Authority. The evidence supports the findings of the Code Authority to the extent at least of showing that its determination was not arbitrary or so unreasonable as to show an abuse of discretion. There is no evidence here of a conspiracy or of collusion on the part of the members of the Code Authority.

I hold that the National Industrial Recovery Act (48 U. S. Stat. 195; U. S. Code, tit. 15, § 702 *et seq.*) and the State act (Laws of 1933, chap. 781) are constitutional. (See *Sherman* v. *Abeles*, 150 Misc. 497; affd., 241 App. Div. 676;* *Nebbia* v. *New York*, 291 U. S. 502; 54 S. Ct. 505; 78 L. Ed. 940; 89 A. L. R. 1469, affg. *People* v. *Nebbia*, 262 N. Y. 259.)

Judgment is directed for the plaintiffs. The injunction will restrain the sale or offering for sale of coal or other solid fuel products below the cost determined by the Code Authority.

---

* Revd., 265 N. Y. 383.